IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLTON THEODORE
LANDIS                                                      PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:19cv177-DPJ-FKB

M. MARTIN, et al.                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by a federal prisoner who during the relevant

time period was incarcerated at the Federal Correctional Complex in Yazoo City,

Mississippi (FCC-Yazoo).[2]  Carlton Theodore Landis alleges that Defendants, prison

officials at FCC-Yazoo, retaliated against him for requesting a transfer and filing

grievances.   Before the Court is Defendants' motion to dismiss [28] and motion for

summary judgment [43].   Plaintiff has responded to the former motion but not the latter.

Having considered the motions and the memoranda of the parties, the undersigned

recommends that the motions be granted and this action dismissed with prejudice.

Plaintiff's version of the relevant events is as follows.  On November 2, 2016,

Plaintiff sought protective custody after other inmates in his housing unit learned that he

had previously cooperated with law enforcement authorities in a federal criminal

investigation.  In response to his request, officials placed him in the special housing unit

(SHU) pending a thirty-day investigation, known as a threat assessment.  The

investigation was completed approximately two weeks later, and Plaintiff was told that

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).  By order
dated August 2, 2019, this court construed Plaintiff's action as one brought under *Bivens*.  [9].

[2] Plaintiff is currently housed at the United States Penitentiary in Thomson, Illinois.

he would be transferred.  However, the transfer was not forthcoming.  Over the next several months, Plaintiff repeatedly received conflicting and false information regarding the status of the request for a transfer.  During this period, Plaintiff submitted four requests for an administrative remedy concerning his continued detention in the SHU and the delays in processing the transfer request.  Ultimately, in April of 2017, the Designation and Sentence Computation Center approved a transfer.  Plaintiff was transferred to another facility on April 26, 2017.

In his complaint, Plaintiff alleges that some of the delays and problems with his transfer were the result of deliberate actions taken by Defendants in retaliation for his request for protective custody and for his filing of administrative grievances.  He seeks money damages from the individual defendants.

In their motion dismiss, Defendants argued that the complaint fails to state a claim because no remedy currently exists under *Bivens* for a First Amendment claim of retaliation and because *Bivens* should not be extended to include one.  In his response to the motion, Plaintiff argues that he has also pleaded a host of other constitutional claims, including a "class of one" equal protection claim, an Eighth Amendment claim for denial of medical care, a conditions of confinement claim, and due process claims.  *See* [38] at 9, 15.  He also contends that he has asserted official-capacity claims against Defendants for injunctive and declaratory relief.  In response to these assertions, Defendants filed their summary judgment motion, arguing that Plaintiff's complaint did not allege any such claims, and that, in any event, any other *Bivens* claims are barred

2

because of his failure to exhaust his administrative remedies and that any claims for injunctive or declaratory relief are now moot.

### *First Amendment Retaliation Claims*

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for violations of constitutional rights. *Bivens* involved a Fourth Amendment claim for unreasonable search and seizure.  *See Bivens*, 403 U.S. at 397.  Subsequently, the Supreme Court recognized two other implied causes of action under the *Bivens* doctrine:  A Fifth Amendment equal protection claim for employment discrimination by a federal official, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim by a federal prisoner for inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, the  Supreme Court has expressed doubt about its authority to imply causes of action where Congress has not expressly legislated them, describing the expansion of the *Bivens* remedy as "a 'disfavored' judicial activity."  *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1856 (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 675 (2009)).  In *Ziglar*, the Supreme Court set out a two-part analysis for determining whether a claim should be implied under *Bivens*.  In the first part of the analysis, the court determines whether the case under consideration involves a "new context," that is, whether it is "different in a meaningful way" from the three previous *Bivens* actions approved by the Supreme Court.  *Id.* at 1859.  If not, then the case may proceed under *Bivens*.  If, however, the answer is the affirmative, the court must go on to determine whether there are "special

factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18).

The Fifth Circuit has never directly addressed the question of whether a prisoner's First Amendment retaliation claim may be brought as a *Bivens* action. Prior to *Ziglar*, the court had, in its own words, "largely permitted" such claims without specifically addressing the *Bivens* question. *Butts v.* Martin, 877 F.3d 571, 589 (5th Cir. 2017). In *Butts*, a post-*Ziglar* case, the court raised the issue on its own, and, describing the question as "inconclusive," remanded a retaliation claim, as well as a free exercise claim, for the district court to consider the issue. *Id.* More recently, the court has stated that "it is unclear—and unlikely—" that *Bivens*'s implied cause of action extends to a First Amendment retaliation claim. *Petzold v. Rostallan*, 946 F.3d 242, 252 n. 46 (5th Cir. 2019).[3] The trend in courts applying the *Ziglar* analysis to First Amendment claims has been to conclude that they may not be brought under *Bivens*. *See Widi v. Hudson*, 2019 WL 3491250, at *3 (N.D.N.Y Aug. 1, 2019) (collecting First Amendment retaliation cases); *Akande v Philips*, 2018 WL 3425009, at *8 (W.D.N.Y. July 11, 2018) (collecting cases and noting that nationwide, district courts have been in agreement that a prisoner may not bring a First Amendment action under *Bivens*); *Free v. Peikar*, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (same).

---

[3] In *Petzold*, the Fifth Circuit avoided deciding the issue by affirming the district court's dismissals on the merits. As the Fifth Circuit noted, the Supreme Court has explicitly blessed this "assume-then-dispose" approach as appropriate in many cases. *Id.* at 248 n. 21 (citing *Hernandez v. Mesa*, 137 S.Ct. 2003, 2007 (2017)).

The first part of the *Ziglar* analysis presents little difficulty here. A First Amendment action for retaliation clearly presents a context new from those in *Bivens*, *Davis*, and *Carlson*. *See Petzold*, 946 F.3d at 252 n. 46 (observing that "First Amendment retaliation claims are a "new" *Bivens* context").

Remaining is the "special factors" analysis. *Ziglar* provides that "a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" At the center of the analysis is the principle of separation of powers. *Ziglar*, 137 S.Ct. at 1857. The Fifth Circuit has described this "counselling hesitation" standard as "remarkably low." *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). If any special factor exists, no implied cause of action may be created. *Id.*

One special factor identified in *Ziglar* is the presence of an alternative remedial structure. *See Ziglar*, 137 S.Ct. at 1858. Courts often cite a prison grievance system as such a structure. *See, e.g., Widi*, 2019 WL 3491250, at *4; *Taylor v. Lockett*, 2019 WL 764023, at *7 (M.D. Fla. Feb. 21, 2109) (collecting cases). That factor is present here in the form of the administrative remedy process of the Bureau of Prisons (BOP), with which Plaintiff was clearly familiar and able to use.

The most compelling factor counseling hesitation here is that this case involves the matter of prison administration and its concerns of safety and security. Plaintiff is challenging the length of time taken by prison officials to arrange a transfer to another prison for the purpose of ensuring Plaintiff's safety. As was well-stated by another

court, "Congress is better suited than the judiciary to 'balance the challenges prison administrators and officers face in maintaining prison security against the expansion of the private right of action for damages.'"  *Taylor*, 2019 WL 764023, at *8 (citing *Morgan v. Shivers*, 2018 WL 618451, at *6 (S.D.N.Y. January 29, 2018)).

The existence of even one factor that counsels hesitation requires that a court refrain from an expansion of *Bivens*.  *Canada*, 950 F.3d at 309.  Accordingly, the undersigned concludes that Plaintiff's First Amendment retaliation claim may not be brought pursuant to *Bivens*.

### Injunctive and Declarative Relief

In his response to the motion to dismiss, Plaintiff argues that in addition to asserting a *Bivens* claim, he also seeks declaratory and injunctive relief.  But Plaintiff is no longer being held at FCC-Yazoo.  Thus, any claim for injunctive or declaratory relief regarding his stay in the SHU there and delays with his transfer are clearly moot.

### Other Bivens Claims

Finally, Plaintiff attempts to salvage this action by arguing that he has alleged numerous other *Bivens* causes of action for which a remedy may be implied.  He characterizes these other claims as an Eighth Amendment retaliation claim, a "class of one" Equal Protection claim, claims under the Due Process clause, an Eighth Amendment conditions of confinement claim, an Eighth Amendment claim of deliberate indifference to serious medical needs, and a claim that his sentence was disproportionate.  However, the only new facts, and the only new *Bivens* claims

6

arguably alleged, are that conditions in the SHU were unconstitutional and that Defendants responded to his need for medical care with deliberate indifference.  Neither these nor any other additional claims against Defendants were set out in his complaint, and he has never properly sought leave to amend to include them.  Thus, they are not before the court.[4]

In their motion for summary judgment, Defendants argue that even were the court to allow amendment or otherwise consider the new claims, they are barred because of Plaintiff's failure to exhaust them.  In support of this position, Defendants have submitted the declaration of Francene Helaire, the BOP employee responsible for processing administrative remedy requests at FCC-Yazoo, along with a copy of Plaintiff's administrative grievance history at the facility.  [43-1] and [43-2].  These documents establish that although Plaintiff filed numerous  grievances while he was incarcerated at Yazoo-FCC, only one, no. 899679, was appealed to the Central Office level, the highest level in the BOP administrative remedies program.  [43-1] at 3, [43-2] at 28-30.  Although not all of the handwritten portions of the documents associated with this grievance are legible, those portions which are indicate that Plaintiff was complaining only about delays and false information associated with his transfer request and was alleging that these issues were the result of retaliation by staff.  [43-3] at 6.

---

[4] Plaintiff stated in his complaint that he contracted H. pylori due to stress and suffered from other medical problems while he was in the SHU and that the medical department did not respond to his sick-call requests.  However, he never implicated any defendant, or any other individual, in any deliberate indifference to serious medical needs.

7

Ms. Helaire specifically states in her declaration that Plaintiff raised no medical issues in grievance no. 899679.  [43-1] at 4.

The new claims Plaintiff now attempts to assert, which were not included in grievance no. 899679, are barred due to Plaintiff's failure to exhaust prison administrative remedies regarding them. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil action about prison conditions first exhaust available administrative remedies.  *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  The exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

 For these reasons, the undersigned recommends that Defendants' motion to dismiss and motion for summary judgment be granted.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of August, 2020.

s/ F. Keith Ball_____
United States Magistrate Judge