UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLTON THEODORE LANDIS                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 3:19-CV-177-DPJ-FKB

M. MARTIN, ET AL.                                                   DEFENDANTS

ORDER

This pro se *Bivens* action is before the Court on Defendants' motions to dismiss [28] and

for summary judgment [43], and the Report and Recommendation [47] of United States

Magistrate Judge F. Keith Ball, to which Plaintiff Carlton Theodore Landis filed an objection

[53].[1]   Also pending are Landis's motions for a subpoena duces tecum [25] and preliminary

injunction [51].  For the following reasons, the Court adopts the R&R as its opinion except to the

extent that it finds the summary-judgment motion moot.

I.       Facts and Procedural History

On March 11, 2019, Landis filed this case complaining about events that took place while

he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-

Yazoo).[2]   The allegations of the Complaint, as summarized by Judge Ball, are as follows:

> On November 2, 2016, Plaintiff sought protective custody after other inmates in
> his housing unit learned that he had previously cooperated with law enforcement
> authorities in a federal criminal investigation.  In response to his request, officials
> placed him in the special housing unit (SHU) pending a thirty-day investigation,
> known as a threat assessment.  The investigation was completed approximately
> two weeks later, and Plaintiff was told that he would be transferred.  However, the
> transfer was not forthcoming.  Over the next several months, Plaintiff repeatedly
> received conflicting and false information regarding the status of the request for a
> transfer.  During this period Plaintiff submitted four requests for an administrative

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Landis has since been transferred to the Administrative United States Penitentiary in Thomson,
Illinois.

remedy concerning his continued detention in the SHU and the delays in processing the transfer request.  Ultimately, in April of 2017, the Designation and Sentence Computation Center approved a transfer.  Plaintiff was transferred to another facility on April 26, 2017.

In his complaint, Plaintiff alleges that some of the delays and problems with his transfer were the result of deliberate actions taken by Defendants in retaliation for his request for protective custody and for his filing of administrative grievances. He seeks money damages from the individual defendants.

R&R [47] at 1–2.

Construing the allegations as stating only a First Amendment retaliation claim, Defendants filed a Motion to Dismiss [28].  Landis responded, arguing that "Plaintiff's complaint, being liberally construed, states viable claims under the First, Fifth, and Eighth Amendments."  Resp. [38] at 2.  Defendants then filed a Motion for Summary Judgment [43] addressing these additional claims, and on August 21, 2020, Judge Ball entered his R&R, recommending the Court grant Defendants' motions to dismiss and for summary judgment. Landis filed a timely objection [53] to the R&R.

II.     Analysis

Landis's objection makes six arguments in support of his claims and in opposition to the R&R:  (1) Judge Ball's recommendation as to the summary-judgment motion was premature; (2) the Complaint was not limited to a First Amendment retaliation claim; (3) properly construed, his Eighth Amendment retaliation claim is cognizable; (4) Defendants waived the exhaustion defense; (5) Landis was entitled to amend his Complaint as of right; and (6) his claim for injunctive and declaratory relief was not rendered moot by his transfer.

To begin, Landis's argument that Judge Ball failed to give him enough time to respond to the summary-judgment motion is moot.  Judgment has not been entered on that motion, and Landis has now filed, with his objection, his substantive response to Defendants' arguments and

Judge Ball's recommendation.  The Court has fully considered those arguments, so there was no prejudice to Landis.

Turning next to the *Bivens* claim everyone agrees Landis stated in the Complaint, Judge Ball concluded that "Plaintiff's First Amendment retaliation claim may not be brought pursuant to *Bivens*."  R&R [47] at 6.  Landis attacks this conclusion in two ways.  First, he says that the claim was actually an Eighth Amendment retaliation claim.  And second, he says that "[t]he whole reasoning behind this *Ziglar*-business is shak[]y, and the Courts know it, which is why they are pussyfooting around directly addressing the validity of First Amendment claims via *Bivens*."  Obj. [53] at 9; *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

Assuming Landis is correct that the Eighth Amendment proscribes retaliation against prisoners, and assuming further that his Complaint stated such a claim, Judge Ball got it right on the *Bivens* question.  A retaliation claim asserted by a prisoner—under either the First or Eighth Amendment—is "different in a meaningful way" from the three contexts in which the Supreme Court has approved a *Bivens* remedy.  *Ziglar*, 137 S. Ct. at 1859.  And special factors counsel hesitation in expanding *Bivens* to this context, namely, the presence of an alternative remedial structure and the fact that the case "involves the matter of prison administration and its concerns of safety and security."  R&R [47] at 5 (citing *Ziglar*, 137 S. Ct. at 1857).

In addition to asserting a *Bivens* claim for damages, the Complaint also sought unspecified "[d]eclaratory relief."  Compl. [1] at 30.  Judge Ball concluded that, given Landis's transfer from FCC-Yazoo, "any claim for injunctive or declaratory relief regarding his stay in the SHU there and delays with his transfer are clearly moot."  R&R [47] at 6.  Landis disagrees with

this conclusion, arguing that "[w]hile a transfer may normally moot equitable claims, there are

exceptions to mootness."  Obj. [53] at 8.  He invokes the following exceptions:  "(1) capable of

repetition, yet evading review, and (2) voluntary cessation, claiming that he is currently

suffering, and has suffered at multiple BOP institutions, violations similar to those in his

Complaint."  *Id.*  But Landis does not explain how either exception applies, and the Fifth Circuit

has been clear that a prisoner's "transfer to a different prison moot[s] any claim for injunctive

relief" as to his treatment at the transferor prison.  *McCoy v. Alamu*, 950 F.3d 226, 234 (5th Cir.

2020).  Landis has not shown Judge Ball's conclusion on this point was incorrect.

The Court next considers whether Judge Ball and Defendants properly construed the

Complaint as alleging only a First Amendment retaliation claim and, if so, whether Landis was

entitled to amend as of right.  Landis accurately describes his Complaint as "not alleg[ing] any

[particular] cause of action in the original complaint."  Obj. [53] at 4.  He says the form pleading

he used "did not have a 'cause of action' section and, resultingly, Plaintiff had assumed that the

Court only wanted him to proffer a 'statement of claim', which Plaintiff interpreted to mean that

he was only supposed to list the facts."  *Id.*  But he now says that he "clearly intended to allege

'numerous constitutional violations' in his Complaint."  *Id.* at 6.

Judge Ball concluded that claims Landis referenced in response to the motion to

dismiss—"that conditions in the SHU were unconstitutional and that Defendants responded to

his need for medical care with deliberate indifference"—were not included in the Complaint.

R&R [47] at 7.  Specifically, he noted that although the Complaint alleged that Landis

"contracted H. pylori due to stress and suffered from other medical problems while he was in the

SHU and that the medical department did not respond to his sick-call requests," Landis "never

implicated any defendant . . . in any deliberate indifference to serious medical needs."  *Id.* at 7

n.4.  Having reviewed the Complaint, the Court agrees with Judge Ball's construction; Landis did not initially allege claims based on unconstitutional conditions of confinement or lack of medical care against any of the named Defendants.

So, the next question is whether Landis correctly asserts that he was entitled to amend his Complaint as of right—i.e., without seeking leave of court.  Landis contends that he not only possessed that right but that his response to the motion to dismiss effectively amended his original Complaint.  His argument is based on caselaw interpreting an outdated version of Federal Rule of Civil Procedure 15.  *See* Obj. [53] at 7 (citing *Vernell v. United States Postal Serv.*, 819 F.2d 108, 110 (5th Cir. 1987)).  But Rule 15(a)(1)(B) now provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ."  Defendants filed their Rule 12(b) Motion to Dismiss on December 16, 2019, so Landis had until January 6, 2020, to amend as of right.  His response to the motion to dismiss, in which he attempted to add new claims, was not filed until June 30, 2020.  At that point, Landis needed leave of Court to amend—something he never sought.

Assuming arguendo that the new claims were properly before the Court, Judge Ball found them "barred due to Plaintiff's failure to exhaust prison administrative remedies regarding them."  R&R [47] at 8.  Landis now argues that "Defendants, by not arguing it in their motion to dismiss, waived the exhaustion defense."  Obj. [53] at 6.  But Landis's argument presupposes that the claims were actually included in the Complaint in the first place.  They were not. Defendants could not have waived an exhaustion defense to claims that were never pleaded.

The final issue is what to do with the new claims Landis raised in his response to the motion to dismiss.  "When a *pro se* plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the

complaint under [Rule] 15(a)." *King v. Life School*, 809 F. Supp. 2d 572, 571 (N.D. Tex. Aug. 9, 2011) (citing *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992)).  While leave to amend should generally be freely given, "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

If the Court construes Landis's response to the motion to dismiss as a motion to amend, then it should be denied as futile.  First, Defendants responded to Landis through their summary-judgment motion, thus offering a response to the basis for amendment.  And in that response, Defendants say Landis did not fully exhaust the new claims.  Other than to argue that Defendants waived their exhaustion argument, Landis does not address the point and does not show that he exhausted the new claims.  More substantively, the new claims Landis hopes to assert under *Bivens* suffer the same defect as his originally pleaded *Bivens* claim—he is attempting to apply that law to a new context, and special factors counsel hesitation in expanding *Bivens* to this context.  *Ziglar*, 137 S. Ct. at 1857.  On this record, the Court concludes that amendment would be futile.[3]

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, the Report and Recommendation [47] is adopted as the Court's opinion.  The Motion to Dismiss [28] is granted.  The Court construes Plaintiff's response to the motion to dismiss [38] as a motion to amend and denies it as futile.  And Plaintiff's Motions for Subpoena Duces Tecum [25] and Preliminary Injunction [51], as well as

---

[3] Rather than dismiss the new claims under 28 U.S.C. 1915(e)(2)(B) for failure to state a claim, the Court concludes that leave to amend and add these futile claims should be denied.

Defendants' Motion for Summary Judgment [43] are considered moot.  A separate judgment will

be entered in accordance with Federal Rule of Civil Procedure 58.

        **SO ORDERED AND ADJUDGED** this the 4th day of September, 2020.

                        s/ *Daniel P. Jordan III*
                        CHIEF UNITED STATES DISTRICT JUDGE